PER CURIAM.
Ivan Jones appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion which raised seven claims of ineffective assistance of trial counsel. We affirm the trial court’s summary denial of six of the seven claims and find that only one of Jones’ claims merits relief.
In Count I, Jones was convicted of attempted sexual battery with great force. § 794.011(3), Fla. Stat. (2000). Jones was sentenced as a habitual felony offender (HFO) and as a prison releasee reoffender (PRR) to life in prison with a thirty-year minimum mandatory sentence. The judgment listed the offense as a first degree felony.
Sexual battery with great force is a life felony. § 794.011(3), Fla. Stat. (2000). Jones, however, was convicted of attempted sexual battery with great force. Section 777.04(4)(c), Florida Statutes (2000), *173 provides that “if the offense attempted, solicited, or conspired to is a life felony or a felony of the first degree, the offense of criminal attempt ... is a felony of the second degree.... ” Thus, the crime for which Jones was convicted, attempted sexual battery with great force, was a second degree felony and not a first degree felony.
A habitual felony offender may be sentenced up to thirty years in prison for a second degree felony. § 775.084(4)(a)(2), Fla. Stat. (2000). A prison releasee reof-fender must be sentenced to a minimum mandatory term of fifteen years in prison for a second degree felony. See § 775.082(9), Fla. Stat. (2000). Thus, Jones’ life sentence with a thirty-year minimum mandatory on Count I exceeds the maximum provided by law.
Accordingly, we reverse the trial court’s summary denial of this claim and remand for resentencing on Count I only. On remand, Jones may again be sentenced as an HFO and PRR. We affirm the summary denial of all of Jones’ other claims.
GUNTHER, POLEN and GROSS, JJ., concur.